## CRAMER v. THE CITY OF BURLINGTON.

1. **Jury**: TAX PAYER: ACTION AGAINST CORPORATION. In an action against a municipal corporation it is not error to sustain a challenge for cause against a citizen and tax payer of the defendant.

2. **Evidence**: JUROR AT FORMER TRIAL. A witness is not disqualified for testifying by the fact that he has served as a juror upon a former trial of the action in which his testimony is offered.

3. **Negligence**: ORDINARY CARE: INSTRUCTION. The jury were held to have been correctly instructed that "if the plaintiff at the time of the alleged injury, taking into consideration what kind of a night it was, and all the facts and circumstances connected with the injury, exercised ordinary care, and this is such care as an ordinarily prudent man would exercise under similar circumstances, then he was not at fault or negligent. If, however, he did not exercise such care, and if by reason of the want of such care the alleged injury resulted to him, then he is guilty of contributory negligence and cannot recover. The burden of proving such ordinary care rests on the plaintiff."

4. ———: INTOXICATION. While being abroad in the streets of a city at night in a state of intoxication is not negligence as a matter of law, it is nevertheless a circumstance from which the jury may find the existence of negligence as a fact.

5. ———: ———: BURDEN OF PROOF. When evidence has been introduced showing plaintiff to have been intoxicated at the time of the alleged injury, the presumption in favor of his sobriety is overcome, and he is bound to show, by a preponderance of the whole testimony, that he was not guilty of intoxication, to entitle him to recover. BECK, J., *dissenting*.

6. ———: ———: ———. It is not necessary, after the fact of intoxication has been found, that the jury should further find, as a result thereof, that

the plaintiff became careless and reckless in regard to his safety, to defeat his recovery. With all the care of which he was capable in that condition, he may still have contributed to his own injury. BECK, J., *dissenting*.

7. **Practice:** INSTRUCTION: NEED NOT BE REPEATED. It is not error to refuse to give an instruction, although embodying a correct statement of the law applicable to the case, when its substance has been given in another instruction.

8. **Negligence:** MUNICIPAL CORPORATION: EVIDENCE. The condition of the sidewalk where the injury occurred at the time of the accident is alone to be considered in determining the question of the negligence of the city. Its condition prior to that time is only competent for showing defendant's knowledge thereof.

### Appeal from Des Moines Circuit Court.

### WEDNESDAY, DECEMBER 29.

THIS is an action to recover for damages alleged to have been sustained on account of being precipitated over a set-off in a sidewalk of defendant, which, it is alleged, was left in a dangerous condition and not sufficiently guarded by barriers or railing.

The defendant denies the allegation of the petition and alleges that plaintiff was out late at night in a state of intoxication, and that whatever injuries he sustained resulted from his own carelessness and negligence.

There was a jury trial and a verdict and judgment for plaintiff for $8,000. The defendant appeals. The cause was before us on a former occasion. See 39 Iowa, page 512.

*J. & S. K. Tracy*, for appellant.

It is no ground for challenging and excusing a juror that he is a taxpayer and resides within the corporate limits of defendant. (*State v. Bryan*, 40 Iowa, 379.) Whenever a party is required to show that on a particular occasion he was in the exercise of due care, he must produce evidence to establish the fact. Care is not to be presumed as a matter of course. (*Gilman v. Deerfield*, 15 Gray, 577; *Button v. Hudson R.*

*R. Co.*, 18 N. Y., 248; *Carlin v. C., R. I. & P. R. Co.*, 37 Iowa, 317.) If both parties were negligent and the accident was the result of the joint negligence neither can sustain an action. (*Simpson v. Hand*, 6 Whart., 311; *Rathburne v. Paine*, 19 Wend., 399; *Barnes v. Cole*, 21 Wend., 118; *Reynolds v. Hindman*, 32 Iowa, 146; *Artz v. C., R. I. & P. R. Co.*, 34 Id., 153.) Where the jury have disregarded the evidence or instructions, or failed to do substantial justice, a new trial ought to be granted. (Hilliard on New Trials, 121; *Hayward v. Ormsby*, 7 Wis., 111; *Dewey v. C. & N. W. R. R.*, 31 Iowa, 373.) A city is not liable for injuries sustained by a person while engaged in and resulting from a drunken carousal upon its streets. (*Cramer v. Burlington*, 39 Iowa, 512.) The burden is on the plaintiff to show that he received the injury while in the exercise of ordinary care, and that his own negligence in no manner contributed to it. (*Patterson v. B. & M. R. R. Co.*, 38 Iowa, 279.)

*Blake & Hammack*, for appellee.

Jurors should be free from every objection and wholly disinterested. (*Wood v. Stoddard*, 2 Johns., 194; *Stryker v. Turnbull*, 3 Caines, 103.) A verdict will not be disturbed unless it is evidently not the result of a free, unbiased exercise of judgment, or was clearly unsustained by evidence. (*Allison v. C. & N. W. R. Co., infra; Dunlavy v. Watson*, 38 Iowa, 398; *Kochler v. Wilson*, 40 Id., 183; *Koester v. Ottumwa*, 34 Id., 44; *Smith v. Sioux City & P. R. Co.*, 38 Id., 173.) Although the burden of proving ordinary care rests upon the plaintiff, yet it need not be directly shown and may be inferred from the circumstances of the case. (*Nelson v. C., R. I. & P. R. Co.*, 38 Iowa, 564.) The question of contributory negligence is one of fact for the jury. (*Allender v. C., R. I. & P. R. Co.*, 37 Iowa, 264.) If the condition of intoxication did not in any way contribute to the injury of the person claiming damages it will not affect or diminish defendant's liability. (*Alger v. Lowell*, 3 Allen, 402.)

DAY, J.—I. One Robert Todd was called as a juror, and upon inquiry he stated that he was a resident of the City of Burlington, an owner of property therein, and a tax-payer. Thereupon the plaintiff's attorney challenged Todd for cause, and the court sustained the challenge. The defendant excepted, and assigns this ruling as error. In *Dively v. The City of Cedar Falls*, 21 Iowa, 565, it was held that it was no abuse of discretion, under Revision, section 3039, subdivision 2, to exclude for cause from the jury a citizen and tax-payer of the defendant. Subdivision 9, of section 2772 of the Code, is essentially the same, except that it omits the element of discretion. It provides that a juror may be challenged for cause when he " shows such a state of mind as will preclude him from rendering a just verdict."

*1. JURY: taxpayer: action against a corporation.*

Now, to hold that a person, who shows that he must ultimately contribute to the satisfaction of whatever judgment may be recovered, does not exhibit a state of mind which will preclude him from rendering a just verdict, attributes a keener sense of justice than common mortals are in the habit of arrogating to themselves. No man ought to be a judge in his own cause. The next sub-division of this section provides that "being interested in a like question with the issue to be tried " is a ground of challenge for cause. This juror was interested not only in a like question, but in *the* question involved in the issue. The analogies of the law favor the sustaining of this challenge. Section 2590 provides that a change of the place of trial may be had where a county is a party, if the application be made by the party adversely interested. See, also, *Wood v. Stoddard*, 2 Johnson, 194; *Stryker v. Turnbull*, 3 Caines, 103; *Fine v. St. Louis*, 3 Mo., 173; *Rose et al., v. The City of St. Charles*, 49 Mo., 570; *P. Railway Co. v. Howard*, 20 Mich., 18.

There was no error, we think, in sustaining this challenge.

II. The plaintiff produced as a witness G. S. Grant, who had been a juror upon the former trial of the cause, and who, at that time, as such juror, examined the side walk, and asked him to state the condition of

*2. EVIDENCE: juror at former trial.*

the side walk just at the place where the board was nailed across from the railing to the saloon. The defendant objected, because the witness was one of the jurors at the time, and that the witness must confine himself to the condition of the sidewalk prior to the time of the injury. The objection to the witness was overruled, and he was permitted to answer the question asked upon the statement of plaintiff that he expected to show that the condition of the sidewalk when examined by the witness was the same as when the accident occurred. In this action there was no error. A party cannot be deprived of the benefit of the testimony of a party, simply because he had been a juror upon a former trial of the cause.

As all the testimony in a case cannot be produced at the same moment, its competency cannot always, without great inconvenience, be made to appear at the time when it is offered. In such case it is a common practice, sanctioned by the highest authority, to admit testimony not at the time shown to be competent, upon the statement of the party offering it that he will connect it with the case by other testimony. This offer was made, and, as the abstract does not show that it contains all the testimony, we will presume the offer was performed; at all events, as the testimony was properly admitted, defendant should have asked that it be stricken out, or that the jury be directed not to consider it, if, during the trial, proper facts for its retention were not shown.

III. The court upon his own motion instructed the jury as follows:

"6. If the jury find from the evidence that the plaintiff, at the time of alleged injury, taking into consideration the kind of night it was, and all the facts and circum- 3. NEGLI-
GENCE: ordi- stances connected with such injury, as shown by
nary care: in-
struction. the evidence, exercised ordinary care, and this is such care as an ordinarily prudent man would exercise under similar circumstances, then he was not at fault or negligent. If, however, he did not exercise such care, and if, by reason of a want of such care, the alleged injury resulted to him, then he is guilty of contributory negligence, and he cannot

recover in this case. The burden of proving such ordinary care rests on the plaintiff."

There was evidence tending to show that plaintiff, during the night and before the injury, drank several glasses of beer. Appellant claims that the proper and legitimate construction of this instruction, as applied to the facts of this case, is that ordinary care is such care as an ordinarily prudent man would exercise when in a state of intoxication. This is not its natural import, and we cannot conceive that the jury so understood it. The circumstances which the jury are here directed to consider clearly have no reference to the condition of the plaintiff, but to the kind of night, the place of the injury, and all such circumstances as it might reasonably be supposed would influence the conduct of a man of reasonable care and prudence.

IV. At plaintiff's request the court gave the following instruction:

"4. The defendant in its answer charges that the plaintiff, at the time he was injured, was intoxicated. The actual condition of plaintiff at the time of his injury is a question for the jury to decide from the testimony, and the defendant must show by a fair preponderance of the evidence that the plaintiff was intoxicated. And even if you find from a fair preponderance of the evidence that plaintiff at the time of the injury was intoxicated, then you must further find that on account thereof he became careless or reckless in regard to his safety, and thus caused or contributed to his injury. And, if you believe that the city was negligent, and that plaintiff, as above stated, did not contribute to said injury, then your verdict must be for the plaintiff."

The giving of this instruction is assigned as error.

We think this instruction is wrong in at least two respects. Whilst the being abroad in the streets of a city, in a state of 4. ——: in- intoxication, is not negligence as a matter of law, toxication: burden of still, it is a circumstance or condition, from which proof. the jury may find the existence of negligence as a fact.

The burden of proof is upon the plaintiff to establish, by a

preponderance of testimony, the negligence of defendant, and that his own want of ordinary care did not contribute to the injury.

A state of sobriety is the normal condition. It is the condition which is presumed to exist in any given case. This presumption, like the presumption of innocence, stands in favor of a party in the place of proof. When, however, evidence is introduced tending to show a condition of intoxication, the presumption of a state of sobriety is overcome.

The plaintiff must now rebut the evidence of intoxication. And, as a state of intoxication may justify the inference of a want of ordinary care, and it is incumbent upon the plaintiff to prove that no fact existed from which a want of ordinary care may be inferred, in order that he may occupy a position in which the jury cannot attribute to him negligence, it must appear, from a preponderance of the whole testimony that plaintiff was not intoxicated at the time of the injury. In other words, the presumption of sobriety makes for the plaintiff a *prima facie* case. When this presumption is overcome, the burden of proof is shifted to the plaintiff, and the party having the burden of proof must establish by a preponderance of testimony the fact respecting which the burden exists. We do not mean to say that it is necessarily negligent to be on a dangerous street in a state of intoxication; but that, from being in such a place in such a condition, the jury may find that the plaintiff was negligent, and that, when a case arises in which the jury may fairly find negligence from a state of intoxication, in order to prevent the possibility of such an inference, it should appear on behalf of the plaintiff, either from the presumption which exists in his favor, or, when the defendant's testimony successfully meets and overcomes this presumption, then by a preponderance of all the testimony taken together, that he was not, at the time of the injury, in an intoxicated condition.

In other words, when it is negligence to be in a particular place in a state of intoxication, and some evidence is introduced, tending to show that the plaintiff was in that condition,

then it must appear, from a preponderance of the evidence, that he was not intoxicated, in order that he may recover.

The jury should have been instructed that, if they should find it would be negligent to be in the place in question in a state of intoxication, then they must find from a preponderance of the evidence that the plaintiff was not intoxicated; and that the intoxication of plaintiff should not defeat his recovery, if it did not contribute to the injury which he sustained.

Again, this instruction directs that, in addition to the existence of a state of intoxication, the jury must further find that 6. ——: ——: ——. on account thereof plaintiff became careless or reckless in regard to his safety, and thus caused or contributed to his injury. This was error. An intoxicated person might become neither careless nor reckless, and at the same time might so far lose control of his muscular action as to be unable to avoid injury. If, under such circumstances, he should stumble or stagger over a dangerous precipice, his want of ordinary care may have contributed to the injury, no matter how much he may have wished and endeavored to avoid the danger.

V. The defendant asked the court to instruct as follows: " 3. The burden of proof is upon the plaintiff to show that at 7. PRACTICE: the time he received the injury complained of, he instruction: repetition. was in the exercise of ordinary care, and that his negligence in no manner contributed to the injury he received, if any; and if he has failed in this, you may find for the defendant." This instruction presents the law of ordinary care in a clear and succinct form; but the court, in the sixth instruction given upon his own motion, and above set out, directed the jury that the burden of proving ordinary care rests upon the plaintiff. It was not error for the court to refuse to repeat this direction.

VI. The defendant asked the court to instruct as follows: " 13. The condition of the set-off prior to the injury cannot 8. NEGLI- be considered by you in determining whether or GENCE: mu- nicipal cor- not the city has been negligent, if you should find poration: evi- dence. that the set-off complained of as dangerous was, on the evening of the alleged injury, barricaded or protected

Cramer v. The City of Burlington.

so as to be reasonably safe to persons walking on the sidewalk there, in the exercise of due care, or such care as an ordinary prudent man would exercise, taking into consideration the kind of night it was." This instruction ought to have been given. It is the condition of the sidewalk at the time the injury was sustained, upon which the question of the liability of the defendant depends. Its condition before may be shown for the purpose of showing the knowledge of defendant of its condition at the time the injury was sustained. Still, if it was barricaded or protected in such manner as to be reasonably safe on the night the injury was sustained, it cannot be claimed that the defendant can be held liable for negligence, because the sidewalk was in an unsafe condition at some prior time.

We have examined the entire record, and discover no other material error.

For the errors discussed, the judgment is

REVERSED.

BECK, J., *dissenting.*—I cannot concur in the conclusions of the foregoing opinion which find error in the rulings of the court upon the instruction to the jury.

I. In my opinion the fourth instruction given is correct. Certainly the condition of the plaintiff, whether intoxicated or sober, was a question for the jury. And, for the reasons pointed out in the majority opinion, the burden rested upon defendant to show plaintiff's intoxication, and not upon plaintiff to show that he was sober. So far the instruction must be right. It proceeds then to direct the jury that, if they find plaintiff was intoxicated, to justify the conclusion of his want of care, they must further find from the evidence that, on account of his intoxication, he was careless or reckless. In other words, simple intoxication—a condition which is in fact intoxication, of itself would not authorize the conclusion of want of care. The instruction is based upon the thought that all conditions of intoxication do not necessarily cause the intoxicated person to be careless and reckless of his personal safety. If he be but slightly intoxicated, or if intoxicated to

a certain degree which serves to arouse his energies and awaken his understanding, his condition would not warrant the conclusion that he was careless and reckless. If intoxication be further advanced, if his mind be darkened or his will impaired—if he be less capable of discovering or understanding danger that threatens, we would be authorized to conclude that he did not exercise reasonable care. It cannot be said that every state of intoxication, from that condition which is first so called, to the advanced drunkenness which deprives a man of reason and the control of his body, shall be governed by the same rules in determining the existence of capacity and natural instinct for the exercise of care. The observation of all men must be to the effect that some persons, if not all, when in the first stages of intoxication, are just as capable and just as vigilant as to all affairs of life, as when not under the influence of intoxicating liquors at all. Further indulgence will take them beyond the control of reason and render them incapable of watchfulness. In the case before us, it was the duty of the jury to determine whether plaintiff's condition was the one or the other.

The conclusion of the majority of the court is based upon the position that a state of intoxication, even the first stage, is inconsistent with the exercise of care, and that where intoxication of plaintiff was shown the burden of proof was then shifted upon him to show that, notwithstanding his intoxication, he did exercise care. But why impose a burden upon him to further prove care when his condition of intoxication did not warrant the conclusion of his inability, want of will, or absence of intention to exercise care? It is imposing a burden of proof where no necessity of proof exists, for we have seen that no inference of carelessness is necessarily to be drawn from the existence of the first stage of intoxication. In order, then, to show his care he is not required to rebut the evidence of his intoxication. The majority of the court hold that the intoxication of defendant must be denied by rebutting evidence before plaintiff can establish care. This can only be true on the ground that intoxication in all degrees — the first as well as all others—renders it necessary to infer carelessness.

It will be observed, too, that care, according to the views of the majority, is to be shown by establishing sobriety — by rebutting the proof of intoxication. This would render it utterly impossible for a man in any stage of intoxication to show that he did exercise care. The majority say if he was drunk he can only show care by proving that he was sober; if his drunkenness be established or conceded, he must be held to be careless. This is a more severe penalty, in the nature of a disability, imposed upon intoxication than I think just. I am of the opinion that the rule adopted by the court below is correct, namely, the jury should determine from the evidence whether the intoxication of plaintiff was such as to authorize the inference of want of care for his safety.

My brothers say, "We do not mean to say that it is necessarily negligent to be on a dangerous street in a state of intoxication, but that from being in such a place in such a condition the jury may find that the plaintiff was negligent." This is very true and is just what the court informed the jury in the instruction under consideration; they were instructed that they could find want of care from intoxication. The opinion proceeds: "And when a case occurs in which the jury may find negligence from a state of intoxication, in order to prevent the possibility of such an inference it should appear in behalf of the plaintiff, either from the presumption which exists in his favor, or when the defendant's testimony successfully meets and overcomes the presumption, then by a preponderance of all the testimony taken together that he was not at the time of the injury in an intoxicated condition." Now, what is said in these quotations is this: want of care may be but is not necessarily inferred from intoxication; if intoxication be shown, in order to prevent such possible inference plaintiff must show sobriety, that is, he must meet a possible inference by proof that will make such inference impossible— in order to overcome evidence possibly deducible from a given fact he must show the fact did not exist.

But the rule unquestionably is that if an inference may or may not be drawn from an established fact, the jury must be left to determine the existence or non-existence of the thing

which is the subject of the inference from all the evidence, the attendant facts and circumstances lawfully submitted to them for consideration. Upon the issue of want of care on account of intoxication, the state or condition of the intoxication, considered in the light of every day observation of the capacity of men in different stages of intoxication and common sense, are to be applied by the jury in determining the question before them. This is just what the instruction pronounced erroneous by my brothers directs the jury to do.

I do not know how I can more clearly show the difference of views between my brothers and myself, than by quoting the last paragraph of their opinion on this point, substituting certain words therein to present the true rule as I regard it. It is as follows: when read, the words in italics should be stricken out, and the words in parenthesis substituted. "The jury should have been instructed that, if they should find it *would* (might) be negligent to be in the place in question in a state of intoxication, then they must find from the preponderance of evidence that plaintiff was not *intoxicated*, (negligent on account of intoxication,) and that the intoxication of plaintiff should not defeat his recovery, if it did not contribute to the injury which he sustained."

The quotation in the language of my brothers, it appears to me, fails to present consistent and harmonious thoughts.

If the jury found "it would be negligence to be in the place in question in a state of intoxication," their next duty was to inquire whether plaintiff was intoxicated. This they would be required to determine from the whole evidence. Plaintiff's sobriety is presumed, as that is the normal condition of man. He may rest upon this presumption. Defendant offers some evidence of intoxication; plaintiff is not defeated unless this evidence overcome the presumption; in such a case he is not required to prove he was not drunk. Whether the plaintiff is drunk or sober is a question to be determined upon the whole evidence; the presumption in favor of plaintiff's sobriety making out a *prima facie* case for him. The court, in the instruction objected to, directed the jury that defendant must show by a fair preponderance of the evidence, all the evidence, that

Cramer v. The City of Burlington.

plaintiff was drunk, that is, the evidence, all the evidence, must overcome the presumption in favor of his sobriety.

It appears to me that by no fair interpretation can the instruction be held to so direct the jury that they would be authorized to find the defendant in the exercise of care, if he were so drunk as to have lost "control of his muscular action to such an extent as to be unable to avoid injury." They were to consider his condition of intoxication, in order to determine the question of care. Since the jury must be left to the exercise of common sense, of knowledge derived from common experience, the court certainly is not required to lay down all the rules they must apply to the case which are drawn from these sources. When the court informed the jury they were to determine the care exercised by plaintiff, by considering his condition, they certainly would not understand that, if they found he was so drunk as to have lost muscular control and was, for that reason, unable to avoid injury, they were to find that he exercised due care. The instruction gives no such direction, and an intelligent jury would not infer it from the language used.

II. The refusal to give the 13th instruction asked by defendant, and set out in the foregoing opinion, is held by the majority of the court to be error on the ground that defendant's liability depended upon the condition of the side walk at the time plaintiff was injured, not upon its prior condition. But this thought is clearly and directly presented in the 4th instruction given by the court upon its own motion, and in the first and twelfth given at the request of defendant. It was not error for the court to refuse its repetition.

In my opinion the judgment of the Circuit Court ought to be affirmed.