## Macleod v. Geyer.

1. **Intoxicating Liquors**: DAMAGES: BURDEN OF PROOF. In an action to recover damages for injury to the plaintiff's means of support, caused by the unlawful sale of intoxicating liquors to her husband, proof that the husband bought liquors of the defendant will not shift the burden upon the latter to show that such liquors did not contribute to the injury complained of, but the burden remains upon the plaintiff to establish, by a fair preponderance of evidence, every fact material to her recovery.

2. **Practice in the Supreme Court**: ABSTRACT: BILL OF EXCEPTIONS. Where the abstract contained this statement: "The foregoing evidence is by the court duly certified to be all the evidence offered by either party on the trial of this cause," it was held that the existence of a proper bill of exceptions would be presumed.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, JUNE 9.

ACTION to recover damages for the alleged unlawful sale of intoxicating liquors to the plaintiff's husband, thereby producing intoxication, by reason of which the plaintiff has

been injured in her means of support. There was a trial by jury, and verdict and judgment for the defendant. Plaintiff appeals.

*Blake & Hammack*, for appellant.

*J. & S. K. Tracy* and *C. B. Harrington*, for appellee.

ROTHROCK, J.—I. In the month of February, 1875, the plaintiff's husband was found in a drunken and helpless con-

1. INTOXICA-
TING liquors:
damages:
burden of
proof.

dition, late in the night, in one of the streets in the city of Burlington. He was so badly frozen that it became necessary to amputate both of his hands. The plaintiff claims that the defendant sold to her husband intoxicating liquors which produced, or contributed to produce, the intoxication.

The appellant asked that certain instructions be given to the jury, which were refused. There was no error in this, because said instructions were in substance embodied in the instructions given by the court on its own motion. Error is assigned upon certain of the instructions given, and it is urged in argument that the last part of the 12th instruction is erroneous. It is in these words: "You will determine this case upon the weight of the evidence, of which you are the sole judges, and every disputed fact of plaintiff's case must be established by a fair preponderance of testimony."

It is urged that this instruction is erroneous because there was evidence showing that plaintiff's husband on the day and evening before he was frozen purchased and drank intoxicating liquor at defendant's saloon, and was intoxicated, and that upon such showing being made the burden of proof was shifted, and it was incumbent on the defendant to show that his liquor did not cause or contribute to the drunkenness. Plaintiff cites *Cramer v. City of Burlington*, 42 Iowa, 315. A very casual examination of that case will show that it is not in point. The intoxication of plaintiff was merely a collateral question in that case. In the case at bar the very

Macleod v. Geyer.

question at issue was whether the defendant sold intoxicating liquors to the plaintiff's husband, and whether such liquors produced, or contributed to produce, the intoxication complained of. It was necessary for the plaintiff to establish both of the foregoing propositions by a preponderance of evidence or fail in the action, and we can conceive of no state of the case which would shift the burden of proof upon defendant. It is proper to say in this connection that there was evidence tending to show that the plaintiff's husband drank at some two or three other saloons on the evening in question.

II. It is urged that the court failed to instruct the jury that if they found from the evidence plaintiff's husband was in the habit of becoming intoxicated, and that on the evening in question he obtained and drank beer at the defendant's saloon, and that said beer caused or contributed to the intoxication complained of, the defendant was liable whether he knew or did not know of the said husband's habit of intoxication.

The jury were distinctly instructed, not only once but twice or thrice, that if the defendant sold beer to the husband of plaintiff, which caused or contributed to the intoxication complained of, he was liable in the action. No qualification is anywhere found in the instructions making the liability depend upon the knowledge of the defendant as to the habits of the husband.

III. It is urged that the verdict is contrary to the evidence. The appellee denies that all the evidence is before the court, and alleges that it is not shown from **2. PRACTICE in the supreme court: abstract: bill of exceptions.** the abstract that there was a bill of exceptions embodying the evidence. The abstract contains this statement: "The foregoing evidence is by the court duly certified to be all the evidence offered by either party on the trial of this cause." Evidence in law actions is preserved and made of record by bills of exception signed and certified by the judge, and while this abstract does not

state the evidence is abstracted from a bill of exceptions, yet we think it is fair to presume from the foregoing recital in the abstract that such was the fact.

It is urged with great zeal and earnestness that the court erred in refusing to set aside the verdict as unsupported by the evidence. A careful examination of the abstract satisfies us that there was no error in the ruling. The question as to whether the husband of plaintiff became intoxicated, or whether such intoxication was contributed to by liquor procured of the defendant, was fairly submitted to the jury upon the evidence and upon instructions which in our opinion are unobjectionable, and with the verdict the parties must be content. It is useless for us to say what in our opinion the verdict should have been. The evidence shows that the husband procured intoxicating liquor not only at the defendant's saloon, but at others, and there is evidence to the effect that when he left the defendant's saloon he was sober, and that he was afterward seen at other saloons drinking and intoxicated. We cannot say that the evidence shows without conflict that the defendant furnished liquor which caused or contributed to the intoxication.                              AFFIRMED.