## HUBBARD v. TOWN OF MASON CITY.

1. **Cities and Towns:** INJURY ON SIDEWALK: CONTRIBUTORY NEGLI-
GENCE: INTOXICATION: EVIDENCE. Where, for the purpose of showing
contributory negligence, it was attempted to prove that plaintiff was in-
toxicated at the time he received the injury complained of, *held* that
evidence to the effect that plaintiff was endeavoring to procure impecu-
nious parties upon a bond of $200 for his appearance in court, bears so
remotely upon the question of his intoxication, that its exclusion cannot
be regarded as reversible error; and that what he said at that time about
his being arrested, was wholly immaterial.

2. ———: ———: DAMAGES: EVIDENCE: ERROR WITHOUT PREJUDICE.
In this case, as plaintiff had not, for two years past, been a farm hand,
it was error to allow him, in proof of his damages, to show what farm
hands were accustomed to earn per month; but, as it appears that the
defendant could not have been prejudiced by this error, the cause will
not be reversed therefor.

3. ———: ———: CONTRIBUTORY NEGLIGENCE: INTOXICATION: EVIDENCE.
Proof that the plaintiff had been in the habit of using intoxicating
liquors prior to the injury, would not be competent to prove that he was
intoxicated at the time of the injury.

4. ———: ———: ———: ———: BURDEN OF PROOF. In an action for
damages for injuries sustained by reason of a defective sidewalk, the
burden of proof is on the plaintiff to show that he did not, by his own
negligence, contribute to the injury; and when the defendant has intro-
duced testimony tending to show that plaintiff was intoxicated at the
time of the injury, it is incumbent upon the plaintiff to overcome such
testimony by a preponderance of evidence, showing affirmatively that he
was sober:—Following *Cramer v. City of Burlington,* 42 Iowa, 315.

### *Appeal from Floyd District Court.*

### MONDAY, JANUARY 18.

THIS is an action to recover damages for injuries sustained
by plaintiff on the defendant's sidewalk. The trial resulted
in a verdict and judgment for plaintiff for $500. The defend-
ant appeals.

*Miller & Cliggit* and *Starr & Harrison,* for appellant.

*P. J. Daugherty, Blythe & Markely* and *J. S. Root,* for
appellee.

DAY, J.—I.  The first point made by the appellant is, that the plaintiff failed to show his own freedom from fault and negligence, and that the verdict is, therefore, not sustained by the evidence.  This point is merely suggested, and does not seem to be relied upon with any confidence.  Indeed, we have some doubt whether we ought not to refuse to consider the point at all, upon the ground that it has not been argued by appellant.  We are of the opinion, however, that the objection to the verdict is not well taken.

II.  Testimony was introduced tending to show that upon the day of the injury the plaintiff was endeavoring to procure signers to a bond for $200 for his appearance at court, and that he presented the bond to various parties for that purpose.  There was also evidence tending to show that at the time the plaintiff was in a state of intoxication.  The defendant offered to prove by several witnesses the financial standing of the parties whom plaintiff was endeavoring to procure to sign the bond.  Upon the objection of the plaintiff the proffered testimony was excluded.  The defendant insists that it was competent to show that plaintiff was endeavoring to procure parties who were financially worthless upon his bond, as a circumstance for the jury to consider on the question of the plaintiff's intoxication.  Evidence that the plaintiff was endeavoring to procure impecunious parties upon a bond of $200 for his appearance at court, bears so remotely and slightly upon the question of his intoxication, that we would not feel justified in disturbing the judgment on account of the exclusion of such evidence.

*1. CITIES and towns : injury on sidewalk: contributory negligence: intoxication: evidence.*

III.  The defendant sought to prove by several witnesses what the plaintiff, on the day he was getting his bail bond signed, said about being arrested.  This evidence was wholly immaterial, and was properly rejected.

IV.  The evidence shows that the plaintiff had been engaged in farming until within two years of the time of the trial, and that for the two years preceding the trial he had been attending billiard hall and saloon, which was his employment when the acci-

*2. ——: ——: damages : evidence: error without prejudice.*

dent occurred.  The plaintiff was permitted, against the ob-
jection of the defendant, to prove that the wages of a farm
hand were $15 to $16 per month and board, or $25 per
month without board.  It is urged that the admission of this
evidence was erroneous.  Inasmuch as the plaintiff was not
a farmer at the time of the accident, nor at the time of the
trial, we think evidence of the value of farm labor was imma-
terial.  It could not properly bear upon the measure of dam-
ages.  Still, in view of the small value which the witness at-
tached to farm labor, and the smallness of the verdict, we can-
not see how the defendant could possibly have been preju-
diced by the admission of this evidence.  For a mere abstract
error, which could have worked no prejudice, we do not re-
verse.

V.  The defendant, for the purpose of showing a tendency
to drink, corroborating the testimony offered on the point of

3. ——: ——:   intoxication, and also on the question of the
contributory
negligence;   value of the plaintiff's services, offered to prove
intoxication:
evidence.   by a witness that he had seen the plaintiff fre-
quently drink liquor, and that he had been in the habit of
drinking intoxicating liquors prior to the time of the alleged
injury.  Proof that the defendant had been in the habit of
drinking intoxicating liquors before the injury, would not be
competent to prove that he was intoxicated at the time of the
injury.  If the defendant had proposed to prove that the
plaintiff's drinking habit was of such a character as to impair
his physical or mental powers, or affect his industry or capa-
city for business, the evidence might have been proper as
affecting the value of his time.  But such evidence was not
proposed.  In excluding the proffered testimony there was no
error.

VI.  The court instructed the jury as follows: "It is
urged by defendant that the plaintiff, at the time of the al-

4. —— : ——:   leged injury, was intoxicated, and this contribu-
——:——:   ted to the injury, and is hence not entitled to re-
burden of
proof.   cover.  On this question the burden of proof is
upon the defendant to establish the claimed intoxication by a

preponderance of evidence, or, in other words, the plaintiff will be presumed to have been sober until the contrary is shown." This instruction is in conflict with the rule announced in *Cramer v. The City of Burlington*, 42 Iowa, 315. In that case it was held that when it becomes a material inquiry, in a case of this kind, whether the plaintiff was sober, and the defendant introduces some testimony tending to show that he was intoxicated, the burden of overcoming this testimony is shifted upon the plaintiff, and the jury, in order to find upon that issue for the plaintiff, must be able to find from a preponderance of all the testimony that the plaintiff was sober. In other words, in view of the fact that the burden of proof is upon the plaintiff to prove that his own want of ordinary care did not contribute to the injury, if the testimony be in exact *equilibrio* upon the question of the plaintiff's sobriety at the time of the injury, the jury would not be justified in finding that he was sober. The reasons for this holding are fully set forth in *Creamer v. The City of Burlington, supra*, and need not be here repeated. For the error in this instruction the judgment is

REVERSED.