Shaw C. J.
afterwards drew up the opinion of the Court. The only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as the unanimous act of the jury, and.affirmed and entered of record, in the presence and under the sanction of the court. 3 Bl. Comm. 377 ; Root v. Sherwood, 6 Johns. R. 68. A convenient practice has been adopted in this country, authorizing the jury, when they agree during the adjournment of the court, to seal up their verdict and separate, and come in and affirm it at the next opening of the court. But in such case, the verdict is to be affirmed in open court, as the unanimous act of the jury, and in presence of the whole panel, so that each juror has an opportunity to express his dissent to the court, in case his decision has been mistaken or misrepresented by the foreman or his fellows, or in case he has been forced into acquiescence by improper means. Such an affirmation is the only evidence the court can receive of the free and unanimous assent of the jury to the verdict. It follows, therefore, that if any one juror shall then express his dissent, and persist in it, the verdict cannot be recorded. If indeed the jury by collusion should declare *511 themselves agreed, when they are not, in order to induce the officer to permit them to separate, or if one juror should declare his assent, with an intent afterwards to dissent in court, it would undoubtedly be a great misdemeanor and render the party liable to summary punishment. And if, after a jury has so agreed and before the verdict is affirmed, whilst it may still be considered as resting in the breast of the jury, and any one, especially a party interested, should enter into discussions with a juror and endeavor to influence his opinion and to induce him to dissent from the verdict before agreed to, it must be considered as a great breach of propriety and of duty, both in the party who attempts such practice, and in the juror who permits it.
In this case there was no verdict which the Court can recognise, and the motion must be overruled.[1]

 See Douglass v. Tousey, 2 Wend 352 ; Edden v. Thompson, 2 Harr. & Gill, 31