*(margin note: 2. ——: void sale: recovery of taxes paid by purchaser.)*

---

E. B. JESSUP, Appellee, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

1.   **Practice:** VERDICT : POLLING JURY.   After the submission of a cause to a jury, and they had retired for deliberation, the court made an order that when the jury had agreed they should seal their verdict, and return on a day and an hour named to be polled. The jury returned at the time appointed, and upon being polled three of them answered that the verdict returned was theirs, provided a certain credit was allowed therein; whereupon the court discharged the jury, and upon the motion of the successful party rendered judgment upon the verdict as returned.   *Held,* that the jury should have been required to retire to consider further of their verdict; that the affidavits of the assenting jurors were not competent to show that the verdict had been agreed to by all; and that the judgment rendered upon such verdict was erroneous.

2.   **Master and Servant:** CONTRACT FOR EMPLOYMENT : PUBLIC POLICY.   A contract by a railroad company to give one permanent employment on a switch engine is not void as against public policy, as binding the company to employ such person after he should prove unfit for the service required under said contract.

82  243
87  384
82  243
s99  191

*Appeal from Hamilton District Court.*—HON. J. L.
STEVENS, Judge.

SATURDAY, FEBRUARY 7, 1891.

THE petition declares on an oral agreement to give
the plaintiff permanent employment as a fireman on a
switch engine, at Eagle Grove, at forty dollars a month,
in consideration of the settlement of a claim held by
the plaintiff for personal injuries while in the employ-
ment of the defendant. There was a judgment upon a
verdict for the plaintiff, from which the defendant
appeals.—*Reversed.*

*J. C. Cook*, for appellant.

*Chase & Chase*, for appellee.

BECK, C. J.—I.  By the denial of the plaintiff of
the correctness of the defendant's abstract, and by the
denial of defendant of the amendments and the abstract
made by the plaintiff, we are sent to the transcript to
discover the real contents of the record.  But, as much
of the disputed contents of the record are involved in
points which ought not to be determined upon this
appeal, we find it unnecessary to refer to the transcript,
except upon one or two unimportant points.  The ques-
tion in the case which, in our opinion, is controlling
and decisive upon this appeal, is presented upon the
following facts, which are disclosed by the record.  The
appellant's record correctly states the major part of
them in the following language, which is substantially
a repetition of the words of the transcript:
    "After the jury had retired, and while they were
deliberating upon the verdict, the court, against the
objection of the defendant, ordered that when they
agreed they should seal their verdict, and separate, and
return to court on Monday at two o'clock P. M., to be
polled [it being Saturday at the time of the making
of the order], to which order the defendant objected,

and then and there duly excepted.  And on Monday, October 8, 1888, at two P. M., the jury came into court with a sealed verdict, which, being opened by the court, read as follows:

" ' We, the jury, find for the plaintiff, and assess his damages at sixteen hundred dollars.

" ' GILL PERRY,
" ' Foreman.'

" Upon the opening and reading of which the jury was polled, and the jurors each severally asked by the court as follows:  ' Was this and is this your verdict?'—to which nine jurors answered, ' Yes,' and to which said question Juror W. A. Shaffer answered: ' It was my verdict, providing the six hundred dollars is deducted as the amount already received,' and Juror Oliver Weston responded:  ' It was my verdict, except I thought the six hundred dollars was to come off,' and Juror Geo. E. Sands responded:  ' Yes, provided the six hundred dollars be deducted from the sixteen hundred dollars, for what plaintiff has already received.'  And thereupon the defendant's counsel objected to the verdict being received and recorded, or judgment entered thereon, and the plaintiff's counsel asked that the three jurors be required to answer ' yes ' or 'no' to the questions asked by the court ; and the court propounded the same question again to each of the said jurors, and received like answers, as above stated, to which the plaintiff's counsel excepted.  The jury was then discharged, and the case continued."

The record shows that on the day the cause was submitted to the jury exceptions were taken to instructions, and a time was fixed for the preparation and filing of a bill of exceptions.  After the jury had retired to consider their verdict the following proceeding was had, as shown in the following language of the record :  " The parties not agreeing to a sealed verdict, it is ordered by the court that the jury, if a verdict is agreed upon, appear on Monday at two o'clock P. M., and that the verdict be then opened, and the jury polled ; and the defendant objects and excepts."  The foregoing

record clearly shows, *first*, that the parties did not agree
upon a sealed' verdict; *second*, that the order of the
court allowed the jury to separate after they had agreed
upon a verdict, and required them to appear at an hour
named on Monday to return the verdict and to be
polled; *third*, that upon polling the jury three jurors
declared that they did not agree to the verdict as ren-
dered by their foreman.   The record further shows that,
after the jury was polled, they were discharged, and
the cause was continued.   It also appears that a motion
was made by the plaintiff for a judgment on the verdict,
which at the next term of court came on for hearing,
and by stipulation of the parties it was set down for
hearing at a subsequent term in another county, and
judgment was to be entered as of the term when the
order was made.   Each party was authorized to file
affidavits as they might deem proper.   The decision and
order of the judge were filed in vacation, directing judg-
ment on the verdict.   Affidavits made by jurors—those
who had not objected to the verdict—tending to show
that the verdict had been agreed to by the jury were
filed by the plaintiff.

II.   Under the statute of this state a verdict can-
not be accepted unless agreed to by all the jurors.

1. PRACTICE:
verdict. poll-
ing jury.

If any juror disagrees, the jury must be
sent out again for further consideration of
the case.   Code, sec. 2803.   The following
sections of the Code are applicable to the question
before us.

"Sec. 2804.   When the verdict is announced, either
party may require the jury to be polled, which shall be
done by the court or clerk asking each juror if it is his
verdict.   If anyone answer in the negative the jury
must be sent out for further deliberation.

"Sec. 2805.   When, by consent of the parties and
the court, the jury have been permitted to seal their
verdict, and separate before it is rendered, such sealing
is equivalent to a rendition and a recording thereof in
open court; nor shall such jury be polled nor permitted
to disagree thereto unless such a course has been agreed

upon between the parties in open court, and entered on
the record."

III.   The facts clearly show that a sealed verdict
was not consented to by the parties, and, therefore,
under Code, section 2805, was not authorized.   It fur-
ther clearly appears that the court below, by its order,
did not intend that the jury should render a sealed
verdict, as contemplated by Code, section 2805, upon
which the jury could not be polled, and to which they
could not disagree ; but in fact intended, and so ordered,
that upon the coming of the jury at the time fixed with
their verdict they should be polled.   In pursuance of
this order the jury was polled, and there were found
three who did not agree to the verdict.   Upon this fact
appearing, it was clearly the duty of the court to send
the jury out for a further consideration of the case.
Such is the plain and imperative requirement of the
statute.   We know of no rule which will permit the
court, after it is found upon a polling that a part of
the jury do not agree to the verdict, thereupon to
receive affidavits of the other jurors to the effect that
the verdict was agreed to by all the jurors.   They were
under the law, in response to the polling, authorized to
express their dissent ; and their fellows should not be
permitted to testify that they did not assent.   The
statute plainly declares that, upon a disagreement
appearing upon the polling of the jury, the case shall
be again given them for consideration.   Code, sec. 2803.
We know of no authority to annul this statute.   We
shall not be expected to cite authorities or assign rea-
sons in order to support our conclusion that obedience
to this statute must be required.   In our opinion, the
district court erred in rendering judgment upon the
verdict.

IV.   The contract declared on which the evidence
tends to establish was to the effect that the defendant
should give the plaintiff permanent employ-
ment upon a switch engine at Eagle Grove.
The defendant insists that this contract is
contrary to public policy, and void, for the

2. MASTER and
servant: con-
tract for em-
ployment: pub-
lic policy.

reason that it does or may bind the defendant to employ the plaintiff when in fact he was not so skilful and otherwise capable as to be fit for service, thus obligating the defendant to employ the plaintiff when its duty and obligation to the public forbids it. The contract will not admit of a construction which · will require the defendant to keep the plaintiff at work as an employe when at any time he is not capable of doing such work. The contract would not compel the defendant to permit the plaintiff to take charge of an engine if he is or should be incapable of running it. The defendant is, therefore, not required by the contract to violate its duty to the public. We do not determine whether the plaintiff may recover compensation when he is unfit to run the engine. If the defendant should be at such times liable to the plaintiff, it would not be required to give the plaintiff work if he should not be fit for any reason to do it. If the contract so provides, or may be so interpreted, the defendant would be liable to plaintiff for wages when he may be unfit to work as an engineer. The instructions asked by the defendant in conflict with these views were rightly refused. In view of the fact that the question may arise upon another trial, we have passed upon it.

V. The other questions in the case, involving the sufficiency of the bill of exceptions, the certification of the evidence and the like, cannot arise upon another trial. And questions arising upon rulings in the admission of evidence and upon instructions may not again arise. None of these questions, therefore, ought to be or need be decided upon this appeal.

The judgment of the district court, in our opinion, ought to be REVERSED.