E. B. JESSUP, Appellant, v. THE CHICAGO & NORTH-
    WESTERN RAILWAY COMPANY.

**Action on Oral Contract:** MERGER INTO WRITTEN CONTRACT.  In an
    action for breach of an oral contract, whereby defendant agreed
    to furnish plaintiff permanent employment at a stipulated com-
    pensation in settlement of a claim for personal injury, defendant
    denied the oral agreement, and set up a written contract, whereby,
    in consideration of a certain sum, plaintiff released defendant
    from all liability arising out of the injury. Plaintiff replied, deny-
    ing the written agreement, but pleaded facts showing that he did
    sign such a contract by reason of fradulent representations, and
    an cross-examination admitted the signing.  *Held,* that such
    admission precluded a recovery on the alleged oral agreement
    until the written contract should be set aside or reformed, in a
    proper proceeding for that purpose.

*Appeal from Hamilton District Court.*—HON. N. B.
    HYATT, Judge.

THURSDAY, OCTOBER 15, 1896.

THE petition charges that the plaintiff, while in
defendant's employ as a brakeman, and in the dis-
charge of his duties, was run over by the defendant's
cars, and his leg so injured that it had to be ampu-
tated; that said injury was caused by the carelessness
and negligence of defendant's servants, and that the
plaintiff was not guilty of negligence which contrib-
uted thereto; that thereafter the defendant made an
oral agreement of settlement with plaintiff, wherein
defendant promised and agreed orally to give plaintiff
four hundred dollars in money and permanent emply-
ment on a switch engine in defendant's yards at Eagle
Grove, at a salary of forty-five dollars per month;
that defendant then paid plaintiff said four hundred
dollars, and verbally agreed, in consideration of his
injury, to give him a salary of forty-five dollars per

month as long as he lived, and to put him on the pay roll of the company as soon as he was able to report for duty; that the principal consideration for the settlement was the promise to put plaintiff on the pay roll, and give him a permanent place on a switch engine, as aforesaid, and he accepted the four hundred dollars with the express understanding that he should have said permanent employment; that on June 19, 1885, he reported for duty, and demanded his place, which defendant refused, and still refuses to carry out said agreement of settlement; that he has been unable to obtain employment elsewhere. Damages are claimed in the sum of ten thousand dollars. Defendant answered first with a general denial. Afterwards, in an amendment to its answer, it averred, in substance, that on March 31, 1885, plaintiff and defendant had a full settlement in writing, signed by both parties, by the terms of which the defendant was to pay plaintiff four hundred dollars, and to furnish him with an artificial limb, all of which it did; that as a part of said settlement in writing, it was agreed that defendant had paid in board bills and doctor's bills for plaintiff one hundred and eighty-five dollars and seventy-five cents; and in consideration of all of the above plaintiff fully released the defendant from all liability and damages growing out of the injury set out in the petition. To this plaintiff replied, denying the settlement, denying all of the allegations of the answer, and denying that he signed the paper referred to in the answer; avers that while he was sick he signed the paper, believing it to be a receipt, and not a release of his claim or cause of action; that his signature was procured by fraud. The cause was tried to the court and a jury, and at the close of the plaintiff's evidence the defendant moved the court to strike out certain evidence, and to direct a verdict for the defendant, which was done, and judgment rendered against

plaintiff for costs, from which rulings and judgment this appeal is prosecuted.—*Affirmed.*

*D. C. Chase* for appellant.

*J. C. Cook* for appellee.

KINNE, J.—I. This is the second appeal in this case. See 82 Iowa, 243 (48 N. W. Rep. 77). While the motions which were sustained by the district court embraced many distinct grounds, we think they may all be disposed of by the determination of one question, which is of controlling importance in the case. It is to be remembered that this is not an action to recover for a personal injury; nor is it an action to set aside a contract of settlement made, and to restore the plaintiff to his original rights, because of fraud practiced upon him, which induced a settlement; nor is it sought to reform the contract of settlement as not expressing the real agreement of the parties. It is an ordinary suit upon an alleged oral contract for damages, for a failure on the part of the defendant to perform its alleged agreement. The alleged oral agreement is denied. Defendant pleads a written agreement of settlement. Plaintiff, in reply, denies signing the paper, but pleads facts showing he did sign it by reason of fraudulent representations. On cross-examination plaintiff admits signing the agreement pleaded by the defendant. The written agreement, though pleaded by the defendant, and offered on the trial to the plaintiff, was not introduced in evidence. It will be seen that plaintiff is not attempting to show that the real consideration of the written contract is other or different from what is recited therein. He seeks to recover on an oral undertaking, pleaded as being separate and distinct; an undertaking which differs from the written contract only in that it

attempts, by ignoring the written contract, to ingraft upon it an additional provision touching the employment of plaintiff by the defendant. Having admitted, as we have stated, the execution of the written contract pleaded by the defendant, plaintiff ought to be concluded thereby until the same is set aside or reformed in a proper proceeding, so that it shall express the real intent of the parties, if it does not now do so. In other words, it is apparent that plaintiff's remedy, if this written contract was procured by fraud, as he claims, is to proceed in a proper action to set it aside, thereby restoring to him his rights as they existed before it was entered into; or if the contract, by reason of mutual mistake, did not express the intent of the parties, then he should have proceeded to have had it reformed. He does neither, but, ignoring a written contract, which he admits he signed, he sues upon the oral agreements, which it is apparent led up to and became a part of the contract finally entered into by the parties, and which was in writing. In our judgment, this cannot be done. If it may be, then no reliance can ever be placed upon a written contract. Nor would it ever be necessary to set aside or to reform such a contract when it had been fraudulently obtained, or did not express the real intent of the parties. It appearing that these parties, after the alleged oral agreement, entered into a contract in writing touching the payment and satisfaction for the same injury which it is now claimed the oral contract sued upon related to, it must be held that the written contract embodies all of the obligation of the parties, so long as it stands, and is not reformed or set aside. Any testimony, therefore, which sought to vary or add to the written contract, was properly stricken out. Authorities need not be cited to support the proposition that a written contract cannot be changed or

altered by evidence of parol contemporaneous agreements. The case needs no further elaboration. When plaintiff admitted signing the written agreement pleaded, he could not proceed to ignore it, and recover upon an oral agreement which was contemporaneous with the written contract, and related to the same subject matter. Under the circumstances as they developed upon the trial, the district court properly directed a verdict for the defendant. We are not called upon to consider the defendant's motion more fully upon the merits.—Affirmed.