PETER MILICH v. THE ARMOUR PACKING COMPANY.

No. 11086.

1. WRITTEN CONTRACT—*Parol Testimony.* As a general rule all prior oral negotiations are deemed to be merged in a written agreement, and the terms of such agreement cannot be contradicted, altered, added to or varied by parol proof.

2. ———— *Mere Matter of Recital—Exception to the Rule.* An exception to the rule is a unilateral admission, such as an ordinary receipt, or the mere acknowledgement of the receipt of purchase-money in a conveyance, which ordinarily is not conclusive upon the parties as to the consideration stated; but when it appears from the writing that the statement of consideration is contractual, and not merely matter of recital, it is not open to contradiction by oral proof.

3. ———— *Release from Liability for Injuries—Written Contract Complete and May not be Varied.* The plaintiff, whose father died from injuries alleged to have been caused by the negligence of the defendant, entered into a written agreement of release, which stated the claim of the plaintiff as next-of-kin on account of the injuries and death of his father, the claimed liability of the defendant, that both parties desired to settle the claim and all liability arising because of the injury and death, that the defendant had paid and the plaintiff accepted $200 in full satisfaction of all claims of any kind by plaintiff arising out of or in any way connected with the death of his father; and plaintiff further agreed to make diligent effort to obtain the release of his mother, if alive, for the sum of $300 to be paid by the defendant, and if it was found that she was dead and that there were no other next-of-kin, and that the plaintiff was the sole representative of his mother, the $300 was to be paid to plaintiff. Both parties signed the agreement. *Held*, that the writing is contractual in

character and binding upon the parties as to the consideration for the release of liability, and that parol proof that an additional consideration for the release was an oral agreement by defendant to give plaintiff permanent employment at stated wages could not be received.

Error from Wyandotte district court; HENRY L. ALDEN, judge. Opinion filed February 11, 1899. Affirmed.

### STATEMENT.

THIS is an action by Peter Milich against the Armour Packing Company to recover damages for the breach of an alleged contract of employment. Michael Milich, father of Peter, was injured while at work for the defendant, and shortly afterward the injury resulted in death. It was claimed by Peter Milich that his father was injured through the negligence of defendant's foreman, and that therefore the defendant became liable to him and his mother, being the next-of-kin to the deceased, for a large amount of damages, and that in consideration of this liability defendant agreed to pay him $200 in money, and also to pay him $300 for his mother, under certain conditions, and, besides, was to furnish him permanent employment during his life at two dollars per day, the wages to be increased with experience until he should be paid three dollars per day. The $200 was paid upon the execution of an agreement of release and subsequently $300 was paid to Peter for his mother upon the execution of a release by her, but he alleged that these payments were only a partial satisfaction of the agreements made between him and the defendant, and that the promise of employment was the principal consideration. It was alleged that for a time he was given employment in accordance with the oral agreement, but that later the defendant shortened his time, reduced his wages, and finally refused

to accept or pay for his services.   For the breach of the alleged agreement he asked for damages in the sum of $10,000.

The defendant answered, denying that there was any independent oral agreement, but alleging that all the agreements and negotiations of the parties were reduced to writing and signed by them ; that the consideration had been paid and the defendant released from liability for any and all claims for the alleged injuries of Michael Milich.   Copies of the written agreements of release were attached to the answer, and are as follows :

"WHEREAS, on December 12, 1891, Michael Militz, then an employee of the Armour Packing Company at Kansas City, Kan., received injuries which afterwards, upon December 14, 1891, resulted in his death ; and

"WHEREAS, it is claimed by parties interested in said deceased and his estate that such injuries were caused by the fault and negligence of the said Armour Packing Company, which claim, however, is denied by the latter ; and

"WHEREAS, Peter Militz, now residing in Kansas City, Kan., and a son of said deceased, is the only next-of-kin now known ; and

"WHEREAS, he does not know at present whether his mother, Annie Militz, is alive and survived the deceased ; and

"WHEREAS, the parties to this agreement are willing and ready to settle all controversies and all question of liability that may exist :

"Now, THEREFORE, this agreement witnesseth, that the said Armour Packing Company shall pay to the said Peter Militz the sum of two hundred dollars ($200) in cash, the receipt of which is hereby acknowledged, which sum satisfied all claims of any kind upon behalf of the said Peter Militz arising out of or in anywise connected with any claim for the death of said Michael Militz, as aforesaid.

"It is further agreed that the said Peter Militz shall make diligent effort to obtain the release of his mother, the said Annie Militz, if she be alive, and of such other heirs as may constitute the next-of-kin, if there be any, and upon obtaining valid release therefrom on or before the 14th day of December, 1893, the further sum of three hundred dollars ($300) is to be paid by the said Armour Packing Company to such persons; but if it turn out that there be no next-of-kin and that the said Annie Militz was dead and did not survive the said deceased, and this to be proven to the satisfaction of Pratt, Ferry & Hagerman, attorneys for the said Armour Packing Company, on or before said 14th day of December, 1893, then and in that case the three hundred dollars ($300) contemplated to be paid by this agreement for the satisfaction of any interest the said Annie Militz or other next-of-kin shall be paid to the said Peter Militz.

"It is further agreed that if it should turn out that said Annie Militz was alive at the time of the death of said deceased, and survived her husband, but subsequently died, then if the said Peter Militz can and will, on or before said 14th day of December, 1893, satisfy the said Pratt, Ferry & Hagerman that there are no other next-of-kin and that he is the sole representative of the said Annie Militz, and that in the meantime no release has been signed by the said Annie Militz, and then Peter Militz is to receive the $300 before mentioned.

"It is hereby further agreed that in case the said Peter Militz shall become entitled to receive said further sum of $300 under this agreement, he hereby binds himself to take and receive the same in full satisfaction of all claims for the said death, and if he refuses so to do, then the $200 this day paid him shall stand as a full satisfaction of all his demands.

ARMOUR PACKING COMPANY.<br>By G. W. Tourtelott.<br>PETER MILITZ."

"WHEREAS, on December 12, 1891, Michael Militz, then an employee of the Armour Packing Company,

Kansas City, Kan., received injuries which afterwards, on December 14, 1891, resulted in his death; and

" WHEREAS, it is claimed by parties interested in the said deceased and his estate that such injuries were caused by the fault of the said Armour Packing Company, which claim is denied by the latter; and

" WHEREAS, Peter Militz, now residing in Kansas City, Kan., and a son of said deceased, has settled all interest which he has in the claim against said Armour Packing Company, and Annie Militz, the undersigned, widow of said Michael Militz, is desirous of settling any claim that she may have, all question of liability that may be occasioned on account of said injury:

" Now, THEREFORE, this agreement witnesseth, that in consideration of the sum of three hundred dollars ($300), paid by the said Armour Packing Company, the said Annie Militz does hereby release and discharge the said Armour Packing Company from any and all liability upon any claim whatsoever in her favor, and especially from any claim or damage arising out of or connected with the death of her late husband, Michael Militz, and she does hereby authorize that the said sum of three hundred dollars ($300) so due her under this agreement be paid to the said Peter Militz, who is hereby authorized to deliver this agreement to the said Armour Packing Company upon the payment to him of the said sum.

" Witness my hand and seal, this ——— day of Metretic, November 11, 1892.

[SEAL.] OENA MILICHEE Q. MIHECSEL,
As Lashbays."

An unverified reply to the answer was filed, and the contracts above set out were in fact conceded to have been duly executed.

When the case came on for trial an elaborate statement of the case was made by counsel for plaintiff, after which the defendant objected to the introduction of any testimony, because it appeared from the pleadings and statement of counsel that the plaintiff proposed to prove an oral agreement which varied

and contradicted the terms of a written contract. The court sustained the objection, and finally gave judgment in favor of the defendant.

*Getty & Hutchings*, and *J. C. Rosenberger*, for plaintiff in error.

*Angevine & Cubbison*, and *Karnes, Hagerman & Krauthoff*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: From the pleadings and plaintiff's statement of the case it was made clearly to appear that all the negotiations of the parties preceded the signing of the agreement made between them, and that the only consideration for the same was the alleged liability of the defendant for the injury and death of plaintiff's father. It is not claimed that fraud was used in inducing the settlement which was made or in procuring the execution of the agreement which was signed by both parties. The execution and validity of the agreement were in fact conceded, but it is insisted by plaintiff that it does not express all of the agreements of the parties, but that a part consideration for the release was the parol promise of permanent employment, which was not embodied in the writing. The only question, therefore, presented for decision is whether the parol promise of employment, which it is alleged constituted a part of the consideration for the settlement and release, may be proved by parol.

The general doctrine is that all oral negotiations are merged in the written agreement, and that the terms of such agreement cannot be contradicted, altered, added to or varied by parol evidence. Parties who reduce their agreements to writing and intend to

make the writings the only evidence of their agreements would have little protection against defective memories or the uncertainty of oral testimony if parol proof of provisions inconsistent with those embodied in the writings may be received.  There are well-recognized exceptions to the rule excluding oral and extrinsic proof, as that a mere receipt is subject to be explained, controlled or contradicted by parol testimony.  And so it is with a formal recital in a deed of conveyance acknowledging the receipt of purchase-money.  Such an acknowledgment, like an ordinary receipt, is subject to be explained, varied and contradicted by extrinsic testimony.  Unilateral admissions of this character are not conclusive upon the parties making them, but if a writing purporting to be a receipt is in fact a completed contract of the parties, parol evidence is inadmissible to vary or contradict its terms.  (*K. C. & O. Rld. Co. v. Hicks*, 30 Kan 288, 1 Pac. 396; *C. B. & Q. Rld. Co. v. Imhoff*, 3 Kan. App. 765, 45 Pac. 627.)  Where the consideration stated in a deed is mere recital and bears no evidence of having been made a matter of contract, parties are not estopped to show a different consideration; but where it appears to be more than a mere recital and is in anywise contractual, parol evidence cannot be admitted, nor will it be received where it would operate to defeat or destroy the conveyance itself.  (*Miller v. Edgerton*, 38 Kan. 36, 15 Pac. 894.)  Where the written agreement is incomplete, and it is obvious that it does not embrace the entire agreement of the parties, oral testimony may be received to supplement and explain what is written.

The writing in the present case does not fall within any of the exceptions.  It was more than a mere recital or unilateral admission, as it was signed by both

the plaintiff and the defendant. The negotiations proceeded for a considerable time, and culminated in the agreement, which upon its face appears to be complete and a final disposition of the claims and rights of the parties. It recites the death of plaintiff's father, the claim that it was due to the negligence of the defendant, the desire of the parties to settle all claims of liability that might exist by reason of the death, refers to the next-of-kin who were entitled to claim damages if the death was due to negligence, and provides that the Armour Packing Company should pay to Peter on account of the claim the sum of $200 in cash. For this amount of money he agreed to satisfy all claims of any and every kind arising out of or in anywise connected with any claim for the death of his father. More than that, he was required by the terms of the agreement to make diligent effort to obtain the release of his mother on or before a certain time for the sum of $300, and if it turned out that she was dead and there were no next-of-kin, and the plaintiff was the sole representative of his mother, the $300 should be paid to the plaintiff. The contract evidences the complete disposition of the plaintiff's interest by reason of the death of his father and the complete settlement of his claims for such death. It is evident that the amount to be paid by reason of the liability for the death of the father was the important feature of the agreement, and, judging from the acts that were to be performed by both parties, it is clear that the consideration entered into the contract and is not merely matter of recital; on the other hand, it is expressly admitted that the only consideration for the written as well as the alleged oral agreement was the liability arising from the injury and

death of the father. In the written agreement, however, which was executed, the plaintiff, besides stipulating to do other things, clearly and expressly released the defendant from that liability and for a specified sum of money. Nothing in the writing suggests that the amount of money was not the whole consideration, nor that the agreement was only a partial discharge of the liability. It would be difficult to suggest language more clearly indicating a purpose to discharge the defendant from all liability for the expressed consideration than was used in this writing. To permit the plaintiff to show the parol promise would be a material addition to a contract apparently complete in itself and one entirely inconsistent with its terms.

In *Cornell v. St. L. K. & A. Rly. Co.*, 25 Kan. 613, an agreement relinquishing a right of way to a railroad company for a specified consideration was made between the parties, but afterward the landowner claimed that an oral agreement had been made, and that as a further consideration for the relinquishment he was to have an annual pass during his life and a reduction of ten dollars from the regular rates for each car of freight which he might ship to St. Louis. It was held, however, that the agreement was the best possible evidence of the intent of the parties, that it presumably embraced all the negotiations of the parties, and therefore that evidence of the parol agreement which would enlarge the written contract and materially vary its terms was not admissible.

*Jessup v. C. & N. W. Ry. Co.*, 99 Iowa, 189, 68 N. W. 673, is a pertinent authority in this case. The plaintiff was employed by the defendant, and while in the service was injured through the alleged negligence of the defendant. A written agreement was made by the terms of which the defendant was to pay the plaintiff

$400, certain board and doctor's bills, and furnish him with an artificial limb, in consideration of which the plaintiff released the defendant from all liability for damages growing out of the injury. Afterward the plaintiff brought an action and undertook to prove as an additional consideration an alleged oral agreement for permanent employment, but the court ruled that the written contract should be deemed to express the real intent of the parties, and that evidence of the parol and contemporaneous agreement could not be received.

*Myron v. Union Railroad Co.*, 19 R. I. 125, 32 Atl. 165, involved the same question and was decided in the same way. The plaintiff, who was injured, agreed to release the defendant from all present or future liability for the injury in consideration of $900. In the face of the release, however, he afterward claimed that a part of the agreement was that the defendant should give him employment at certain wages so long as he should live and be willing to remain in the employ of the company. The court remarked that to allow him to prove the parol agreement " would be to permit the plaintiff by oral testimony to add to the terms of a written instrument which is apparently complete in itself a matter concerning which the instrument is silent, and that, too, when in legal contemplation the release is to be regarded as the only evidence of the contract of the parties as finally concluded.'' See, also, *White v. Railroad*, 110 N. C. 456, 15 S. E. 197 ; *St. Louis & S. F. Ry. Co. v. Dearborn,* 23 U. S. App. 66, 60 Fed. 880 ; *Baum v. Lynn*, 72 Miss. 932, 18 South. 428 ; *Cummings v. Bears*, 36 Minn. 350, 31 N. W. 449.

The plaintiff strongly relies on *The Pennsylvania Company v. Dolan*, 6 Ind. App. 109, 32 N. E. 802, and *Harrington v. K. C. Cable Ry. Co.*, 60 Mo. App. 228,

but the writings upon which the decisions are based in those cases are quite dissimilar from that in the case at bar, and neither of them, as will be seen, was decided by the courts of last resort; and even in those cases the exception to the rule is recognized, that where the parties have undertaken to specify the consideration in the writing, and such consideration is contractual in its nature, parol evidence of other or different considerations will not be admitted. The writing in the present case is so clearly contractual in character as hardly to admit of discussion, and under the authorities parol proof of other understandings than those embodied in the writing cannot be received. From the opening statement of counsel it is clear that the plaintiff is not entitled to recover upon either count of his petition, and therefore the judgment of the district court will be affirmed.