[No. 10719.   Department Two.   October 3, 1913.]

## H. E. COUGHLIN et al., Respondents, v. CARLOS H. WEEKS, Appellant.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—AUTOMOBILES—NEGLIGENCE—QUESTION FOR JURY. The negligence of an automobile driver in running down pedestrians at a crossing, and also their contributory negligence, is for the jury, where plaintiffs' evidence was to the effect that the automobile was approaching along the north side of the street, as required by the city ordinance, at the time they started to cross the street, and that the automobile turned to the south side of the street, where the accident occurred while both parties were trying to avoid a collision.

TRIAL—VERDICT—SEALED VERDICTS—POLL OF JURY—DELIBERATIONS. Rem. & Bal. Code, § 359, providing that either party may poll the jury, and if the verdict does not have the assent of ten jurors, they shall be returned to the jury room for further deliberation, applies to the receipt of a sealed verdict, notwithstanding the jury had been allowed to separate, where they had reassembled to present the verdict.

Appeal from a judgment of the superior court for Spokane county, Neill, J., entered April 30, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by pedestrians struck by an automobile. Affirmed.

*Crandell & Crandell*, for appellant.

*W. J. Matthews*, for respondents.

MAIN, J.—The purpose of this action is to recover damages for personal injuries. On October 14, 1911, the plain-

[1]Reported in 135 Pac. 649.

tiffs were residing in the Villa Nova apartments, in the city of Spokane. This apartment house is located near the middle of the block, on the north side of Riverside avenue, about midway between the intersecting streets of Cedar on the east, and Walnut on the west. On Riverside avenue, there was a double set of street car tracks. On the evening of the date mentioned, at about the hour of 8 o'clock p. m., the plaintiffs left their apartment expecting to board a street car at the southeast corner of Cedar street and Riverside avenue. When reaching the curb and before attempting to cross, they looked to the west and also to the east, and observed, coming from the east, about 260 feet distant along the north side of the street, an automobile. They then attempted to cross the street, proceeding in a southeasterly direction. They had gone about sixty feet, and had just stepped beyond the south rail of the south street car track, when they observed the automobile crossing to the south side of the street and approaching them. To avoid a collision, the plaintiffs stepped to the north. At the same instant the automobile was turned in the same direction. The plaintiffs then stepped to the south as the automobile turned to the south. Again the plaintiffs stepped to the north and the same instant the automobile turned in that direction, and the accident causing the injuries complained of then occurred. It is apparent that both the driver of the automobile and the plaintiffs were attempting to avoid an accident.

Riverside avenue within this block turns somewhat to the south, so that its intersection with Walnut street is somewhat further south than is the intersection with Cedar street. The ordinances of the city of Spokane provide that vehicles traveling upon the streets shall keep to the right as near the right-hand curb as possible. For the machine to have kept to the right, as required by the ordinance, it should have continued down the north side of the street, where it was, at the time the plaintiffs testify that they first observed it. At the time

of the accident, there was in the machine the defendant, his sister, and the chauffeur.

The facts as above stated are, in brief, as contended for by the plaintiffs, and as their evidence tends to support. The evidence on behalf of the defendant in many particulars directly conflicts with that of the plaintiffs. The defendant denied any negligence on his part and claimed that the accident was due to the contributory negligence of the plaintiffs. Evidence in support of the allegation of contributory negligence was introduced on behalf of the defendant, which, if true, would support the charge. This evidence, however, was denied by the plaintiffs.

The cause was tried to the court and a jury. The trial was concluded on the afternoon of March 19, 1912. It being agreeable to counsel for both parties, the court directed the jury to return a sealed verdict and present the same to the presiding judge. At about ten o'clock in the evening of this day, the jury prepared their verdict, had it signed by the foreman, sealed the same, and separated. On the following morning, the jury reassembled in the court of the presiding judge and presented their verdict. After the verdict had been read by the clerk, counsel for the defendant requested that the jury be polled. Upon the poll, nine jurors answered in affirmance of the verdict, two in the negative, and one that it was only partially his verdict. Thereupon the court directed the jury to return to the jury room for further deliberation. After a brief time, they again returned into open court and presented their verdict. The jury were again polled, ten jurors answering in affirmance of the verdict, and two in the negative. The verdict was the same as the one previously presented. The court directed the verdict to be entered.

At the close of the plaintiffs' case in chief, the defendant moved for a directed verdict, claiming that the evidence did not establish negligence on the part of the defendant, and did show contributory negligence on the part of the plaintiffs.

This motion was denied. At the close of the entire evidence, the defendant again moved the court to direct a verdict in his favor, which was denied. The verdict awarded to the plaintiff, H. E. Coughlin, the sum of $5; and to his wife, Lillian E. Coughlin, the sum of $4,000. Motion for new trial being made and overruled, judgment was entered upon the verdict. The defendant has appealed.

It is first claimed by the appellant that the court erred in declining to direct a verdict when moved so to do, on the ground that the evidence did not establish negligence on the part of the appellant; and if it did establish negligence, then the evidence shows, as a matter of law, that the respondents were guilty of contributory negligence, which was the proximate cause of the injury. The question of negligence, and also of contributory negligence were for the jury. If the evidence of the respondents is to be believed, the appellant was guilty of negligence which was the proximate cause of the injury, and they were free from contributory negligence. If the evidence on behalf of the appellant is a correct presentation of the facts, he would be exonerated from liability. The verdict of the jury being supported by substantial evidence, it will not here be disturbed.

The question of law which is presented in this case is whether the court erred in directing the jury to return to their jury room for further deliberation when it appeared upon the poll that the verdict as read did not have the support of ten jurors. The general rule is that, where the jury, after agreeing upon their verdict, have been permitted to separate, and when the verdict is presented to the court, it is defective in some manner, or does not conform to the real finding of the jury, the court may direct the jury to return to the jury room for further deliberation. *Beal v. Cunningham*, 42 Maine 362; *Sutliff v. Gilbert*, 8 Ohio 405; *Pehlman v. State*, 115 Ind. 131, 17 N. E. 270.

In the last case cited, it is said:

"By permitting a jury to separate after they have agreed upon a verdict, and before it is returned into court, nothing is waived, either as to the power or duty of the court to have the verdict amended, if it shall prove to be a defective verdict, or as to the right of either party to object to the reception of an incomplete or an improper verdict. Where a jury reassemble after an authorized separation, whether before or after agreeing upon a verdict, they resume at the point at which they left off, and proceed with the business before them as if no separation had taken place. Consequently, when a jury have been allowed to separate, and return a sealed verdict, and upon reassembling, the verdict is found to be defective, the jury may be required to retire to their room and make the proper amendment or correction."

This general rule, however, does not appear to cover the facts in the present case. When the verdict was first presented to the court, the poll of the jury showed that it did not have the affirmance of the requisite number of jurors. It cannot then be said to be a verdict which was defective. It was in fact no verdict. By statute in this state, when it appears upon the poll of a jury that ten of the jurors do not answer in the affirmative, it is the duty of the court to cause them to return to the jury room for further deliberation. By Rem. & Bal. Code, § 359 (P. C. 81 §629), it is provided:

"When the verdict is returned into court either party may poll the jury, and if ten of the jurors answer that it is the verdict said verdict shall stand. In case ten of the jurors do not answer in the affirmative the jury shall be returned to the jury-room for further deliberation."

In *Saxon v. Foster*, 69 Ark. 626, 65 S. W. 425, the court construed a similar statute. In that case, after the verdict had been read and handed to the clerk, one of the jurors said: "That is not our verdict," and requested that the papers be handed back to them and that they be permitted to retire for further deliberation. This request the court refused and it was held to be error. It was there said: "The rule is that the

jury should, under such circumstances, be permitted to return to their room and reconsider their verdict. (Sand. & H. Dig., § 5828)." It is true that in that case the jury had not separated after agreeing upon their verdict.

In *Kramer v. Kister*, 187 Pa. 227, 40 Atl. 1008, 44 L. R. A. 432, it is held that where a jury seals a verdict and separates and subsequently, when the jury is polled in open court one of the jurors dissents, the trial court must treat the proceeding as a mistrial and, instead of sending the jurors out for further deliberation, discharge them. From that case, however, it does not appear that there was then in force in the state of Pennsylvania any statute such as the one above quoted, which made it the duty of the trial court to direct the jury to return to the jury room for further deliberation. Even in the absence of such a statute, the principle stated in that case does not appear to us to be founded upon any good reason. There was not there, and neither is there here, any suggestion of wrongdoing from any source that would taint the verdict. To hold that the simple fact that, after the jury have separated and reassembled, and upon a poll it appears that the legal number of jurors do not support the verdict, entirely vitiates it, is to give expression to an extreme doctrine. We think the correct rule is that, where the jury have been permitted to separate after agreeing upon their verdict, and have reassembled in open court for the purpose of presenting the same, and upon a poll being had it appears that their verdict does not have the support of the requisite number of jurors, the jury should be returned to the jury room for further deliberation.

The judgment will be affirmed.

ELLIS, FULLERTON, and MORRIS, JJ., concur.