602　　SUPREME COURT OF WISCONSIN.　[Apr.

State ex rel. Volkman v. Waltermath, 162 Wis. 602.

State ex rel. Volkman, Plaintiff in error, vs. Walter-
math, Defendant in error.

*February 25—March 14, 1916.*

*Bastardy: Not a criminal prosecution: Sealed verdict may be changed.*

1. A bastardy action is not a criminal prosecution, but a statutory
   proceeding to enforce a civil obligation or duty, the procedure
   being, however, criminal in form.
2. In a bastardy action, as in other actions to enforce civil liability,
   if the sealed verdict is defective or if the jury on polling refuse
   to affirm it, they may be sent out again for further delibera-
   tion, and a fuller or different verdict afterwards returned will
   be good.

Error to review a judgment of the civil court of Milwau-
kee county: Michael F. Blenski, Judge. *Reversed.*

The facts are these: A jury in a bastardy action were in-
structed by the court that if they agreed they might seal their
verdict and separate. They did so and came into court on
the following morning, and, after delivery of a sealed verdict
of "not guilty" and reading thereof by the clerk, were polled
on demand of the plaintiff, whereupon one of the jurors an-
swered that it was not his verdict, and they were sent back
for further deliberation. Being unable to agree they were
subsequently discharged and a new trial ordered. Some
weeks afterwards, on defendant's motion, the order granting
a new trial was vacated, the action dismissed, and the defend-
ant discharged on the ground that he had been acquitted by
the sealed verdict. To reverse this judgment this writ of
error is prosecuted.

For the plaintiff in error there was a brief by the *Attorney
General, Winfred C. Zabel,* district attorney, and *Louis H.
Koenig,* assistant district attorney, and oral argument by
*Mr. Koenig* and *Mr. Daniel W. Sullivan.*

For the defendant in error there was a brief by *Paul O.
Husting,* and oral argument by *B. J. Husting.*

WINSLOW, C. J.   In this case it is held:

1. A bastardy action is not a criminal prosecution, but a statutory proceeding to enforce a civil obligation or duty, the procedure being, however, criminal in form. *Baker v. State,* 65 Wis. 50, 26 N. W. 167; *Barry v. Niessen,* 114 Wis. 256, 90 N. W. 166; *Smith v. State,* 146 Wis. 111, 130 N. W. 894.

2. While in a criminal prosecution a sealed verdict cannot be amended or changed after the jury have separated (*Koch v. State,* 126 Wis. 470, 106 N. W. 531), the better rule and the weight of authority is to the effect that, in an action to enforce civil liability, if the sealed verdict is defective or if the jury on polling refuse to affirm it, they may be sent out again for further deliberation, and that a fuller or different verdict afterward returned will be good. *Comm. v. Tobin,* 125 Mass. 203; *Root v. Sherwood,* 6 Johns. 68; *Steele v. Etheridge,* 15 Minn. 501; *Rigg v. Bias,* 44 Kan. 148, 24 Pac. 56; Proffatt, Jury Trial, § 460; 38 Cyc. 1874.

*By the Court.*—Judgment reversed, and action remanded for a new trial and further proceedings according to law.