**WILEY et al. v. DIXIE OIL CO.**
Inc.

No. 131.

Circuit Court of Appeals, Tenth Circuit.

Aug. 22, 1930.

Warren H. White, of Hutchinson, Kan., and R. L. NeSmith, of Wichita, Kan. (A. C. Malloy and Roy C. Davis, both of Hutchinson, Kan., on the brief), for appellants.

Earle W. Evans, of Wichita, Kan. (R. R. Vermilion, Jos. G. Carey, W. F. Lilleston, George C. Spradling, and Henry V. Gott, all of Wichita, Kan., and T. W. Arrington, of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This is an appeal from a decree dismissing a suit brought by appellants to require appellee to account for $15,000, as a portion of the oil proceeds from 80 acres of land in Butler county, Kan. The cause was submitted and determined upon motions of the parties for judgment upon the pleadings and an agreed statement of the facts.

In their bill the plaintiffs alleged they were the joint owners of a lease on 80 acres of land, and entered into a written agreement with the defendant, whereby they sold and agreed to execute and deliver to the defendant customary assignments of the lease, in consideration of $35,000, in cash, and $15,000, additional, to be paid out of the first half of the oil produced from the land, that the assignments were duly made and the cash consideration paid, that the defendant has produced oil from the land in excess of $30,000, but has refused to pay them the $15,000, wherefore an accounting therefor was demanded.

The defendant in its answer denied plaintiffs owned the lease jointly, admitted a contract with the plaintiffs for the lease, but denied it was as claimed, and alleged that Wiley

owned a lease on the north 40 of the tract, and after the contract was executed he entered into a written contract with defendant, whereby he agreed to and did assign to said defendant his said lease, for which defendant agreed to pay him $17,500 in cash and $7,500 additional, payable from a sale of the lease, or seven-sixteenths of the oil produced therefrom; that oil had been produced from the 40 acres and both considerations had been duly paid to Wiley; that Trousdale was the owner of a lease for the south 40 acres and the like contract had been entered into by defendant with him, for an assignment of his lease; that defendant had paid him the cash consideration of $17,500; and that the well drilled by defendant thereon proved to be a dry hole, but defendant is willing to pay him as agreed from the proceeds of oil if produced from that lease. A tender was made to Wiley of the $7,500 admittedly due him.

The agreed facts are that the parties entered into the contract as alleged by plaintiffs; that the plaintiffs executed and delivered separate assignments, that of Wiley for the north 40 acres, and of Trousdale for the south 40 acres; that each of the assignments specified that the assignor assigned the lease for the 40 acres for the consideration of "$17,500 cash and $7500 to be paid out of the first half of oil produced," covenanting that he was the owner of the lease. Copies of the assignments were exhibited. It was further stipulated that the plaintiffs had each separately collected by draft $17,500 of defendant, that oil was produced in excess of $30,000 on the north 40 acres, but none was found after drilling on the south 40 acres, and that defendant had made a tender to Wiley of $7,500 but had made none to Trousdale.

The question presented was whether, as the plaintiffs claim, the defendant was bound to pay them $15,000, or, as the trial court held, its obligation was only the payment of $7,500 to Wiley.

The cause of action was essentially that the plaintiffs jointly owned a lease for 80 acres, and that they were to execute and deliver assignments therefor, in consideration of $35,000 in cash and $15,000 from the first half of the proceeds from that tract. The original contract so provided. But when they came to execute it, each made a separate written assignment of 40 acres for the agreed consideration payable to him of one-half of the cash and conditional considerations, with a covenant of title, and the defendant accepted those assignments. The two assignments thus evidenced a modified contract, constituting a clear departure from the original, in the two important particulars that each plaintiff assigned only 40 acres of the lease, and the defendant undertook to pay each of them one-half of the considerations.

To avoid this result, counsel for appellants stress the fact that the original contract called for assignments, and by the two instruments they met its terms. But the contention fails, because the assignments were to be made of a lease they owned jointly for 80 acres, and two assignments would have been a performance, but instead each made an assignment of a 40-acre lease in which the defendant agreed to pay them separately therefor. In each assignment there was omission of 40 acres of the lease contracted for. Furthermore, the defendant had a covenant of title only from each as to 40 acres, whereas, it would have had, according to the original contract, either an express warranty, or in its absence a warranty which the law implies from both appellants for the eighty acres. Daggett v. Four Hundred Oil and Gas Company, 119 Kan. 788, 241 P. 467. On the other hand, the defendant agreed to pay them separately one-half of the consideration. This was necessarily a new bargain in writing. The difference was vital, with respect to the assignments of the leasehold interests, the warranty of title thereto, and the consideration to be rendered for those interests.

In this situation, the principle applies that where parties enter into two contracts that are in conflict, the later rescinds the earlier and supersedes it with respect to the conflict in the terms. Housekeeper Pub. Co. v. Swift (C. C. A.) 97 F. 290; 13 C. J. 598. The result is that the obligations of the defendant were fixed by the separate assignments and its liability in this case was only to pay Wiley $7,500.

It is argued that the considerations expressed in the assignments were but recitals, subject to explanation in the proofs, and it was competent to show the actual considerations. As a general rule, a mere recital or acknowledgment of payment in an instrument may be disputed. But a consideration may be contractual and conclusive, and when a stipulated price is agreed to be paid and is promissory in character, it may not be disputed; and that principle governs these assignments. 17 Cyc. 661, 662, 656, 661, citing Trice v. Yoeman, 60 Kan. 742, 57 P. 955, and Milich v. Armour Company, 60 Kan. 229, 56 P. 1.

The suit of the plaintiffs inevitably fails for the reason that there was no performance

by them of the original contract, and the defendant has discharged its obligation under the new and modified contract.

The appellants applied for a rehearing, and affidavits were filed on both sides. The grounds urged were that the trial court misconstrued the facts, and drew an erroneous conclusion as to the legal effect of the assignments, the two tracts while carried separately by plaintiffs were joint property, the assignments constituted one transaction, the plaintiffs had contracted to share equally in the oil runs, the separate assignments were induced by the defendant, and it was not the intention of the parties that they should be contractual but were employed to convey the title to the lease.

The application was not well founded, with respect to the facts or the law of the case. The transactions are properly considered together, but the actual assignments were the later and the final acts of the parties, evidenced complete contracts in writing, and conclusively expressed their intention. We regard it as quite immaterial that these assignments may have been suggested or requested by the appellee as long as they were voluntarily executed, or that the appellants owned the royalty interests jointly, or that the defendant may have approved their plans by its letter. The effort was to obtain a second trial without any showing of newly discovered evidence, surprise, or other tenable ground. Furthermore, there was a proposal to contradict the terms of the assignments by parol evidence that would be inadmissible at another hearing. The application was properly refused.

The bill was dismissed on the ground that the defendant had tendered the $7,500 due Wiley and it owed nothing more. The decree is affirmed, on the condition that that sum shall be paid promptly to Wiley; otherwise, the District Court is directed to render judgment in Wiley's favor and against the defendant for $7,500, without costs.

Affirmed.