LOUESA C. WEATHERHEAD v. GOTTLIEB F. BURAU.[1]

December 5, 1952.

No. 35,827.

See, Weatherhead v. Burau, 237 Minn. 325, 54 N. W. (2d) 570.

*Meagher, Geer, Markham & Anderson, Arthur B. Geer,* and *O. C. Adamson II,* for appellant.

*Carroll & Thorson, Rolland L. Thorson,* and *Harold J. Sorensen,* for respondent.

CHRISTIANSON, JUSTICE.

Defendant appeals from an order granting plaintiff a new trial.

In a personal injury action based on negligence the case was submitted to the jury at 12:53 p. m. on November 1, 1951, with the instruction that if the jurors agreed on a verdict after the court had adjourned they were to return a sealed verdict when court convened on the following day. At 7:15 p. m. the jury agreed on a verdict which was then sealed, and the jury separated for the night.

[1]Reported in 55 N. W. (2d) 703.

The following morning one of the jurors came into the trial judge's chambers before the opening of court and informed the trial judge that she was confused as to her verdict. The trial judge told the juror that he did not want to discuss the matter with her and that it would be taken up when court convened. The attorneys in the case were promptly informed of this fact, and, at a conference in his chambers, the trial judge informed them that he proposed to have the jury polled. Counsel for both parties consented to this procedure.

When the court convened the jury returned a sealed verdict in favor of the defendant and responded affirmatively to the clerk's inquiry whether it was their verdict. The trial court then ordered a poll of the jurors whereupon the one juror stated that it was not her verdict. When questioned by the trial court she stated that she had agreed to the sealed verdict but had changed her mind during the night.[2] The trial court then received the sealed verdict and dis-

---

[2]The record in this connection reads as follows:

"The Court: Mrs. Sexton, you have noted that this is not your verdict. I wonder if you will make a statement to the Court as to why you say it is not your verdict? You may be seated, it is not necessary—

"Mrs. Sexton: Because I am confused about some of the evidence.

"The Court: And when did that confusion develop in your mind, before or after the verdict was signed by the foreman?

"Mrs. Sexton: Before.

"The Court: And at the time that the foreman did sign the verdict had you agreed upon the verdict at that time?

"Mrs. Sexton: Yes, sir.

"The Court: And why did you agree upon the verdict at that time if you were confused?

"Mrs. Sexton: Well, I suppose I didn't deliberate strongly enough or else I just reached a weak moment because after I got home and went to bed I couldn't sleep because of having testified the way I did.

"The Court: So the first apprehension about your consenting to the verdict developed after you had gotten home?

"Mrs. Sexton: I was in doubt about some testimony all through our session, I mean after we went into the jury room, and I held out the length of time that I did and finally I decided that my one vote could not change the situation so finally I decided that I would go along with the group. But

charged the jury. Thereafter, plaintiff's motion for a new trial was granted on the sole ground that the verdict was a nullity.[3]

■ Appellant contends that M. S. A. 546.24 should be interpreted as making the recording of a verdict mandatory when the jury answers the clerk's inquiry affirmatively and that therefore the subsequent poll was ineffective since it was not within the provisions of § 546.16 which, insofar as here pertinent, provides:

"* * * *Before the verdict is recorded* either party may require the jury to be polled, whereupon the clerk shall ask each juror if it be his verdict. If any answer in the negative, the jury shall be sent out for further deliberation." (Italics supplied.)

Section 546.24 provides:

"When the verdict is given, and is such as the court may receive, the clerk shall immediately *file said verdict in open court,* and read it to the jury, and inquire of them whether it is their verdict. If any juror disagrees, the fact shall be entered in the minutes, and the jury again sent out; but if no disagreement is expressed, the verdict is complete, and the jury shall be discharged from the case. *The clerk shall forthwith record such verdict in full in the court minutes.*" (Italics supplied.)

---

then after I got home and started thinking that this morning I would have to take an oath to the effect that I had agreed with the others, then I decided that I just couldn't do it.

"The Court: I see. There was no compulsion—

"Mrs. Sexton: No compulsion.

"The Court: —causing you to agree in the verdict. Counsel, will you step forward, please? Are there any further questions that you wish to have me ask her?

"Mr. Geer: I don't have anything.

"Mr. Thorson: I don't have anything."

[3]In Weatherhead v. Burau, 237 Minn. 325, 54 N. W. (2d) 570, we held that the order granting the new trial was appealable, even though the exact language of § 605.09(4) was not followed, since the trial court's memorandum expressly showed that the new trial was granted exclusively upon errors of law occurring at the trial.

Section 546.24 was amended in 1949 as follows: *file said verdict in open court* was substituted for *record it in full in the minutes* and the last sentence was added. When this amendment is read in conjunction with § 546.16 it is clear that its purpose was to authorize a poll of the jury after the clerk's inquiry but before the recording of the verdict. Therefore, the poll in the case before us was timely and proper under § 546.16.

Appellant also contends that an agreement to allow a sealed verdict includes an implied agreement to accept a properly rendered sealed verdict as final and to waive the right to poll the jury.

A sealed verdict has no statutory basis in Minnesota. Its usage is based on convenience and custom. Its function is to provide evidence of the status of deliberation when the jury separated, so that, when the verdict is subsequently returned in open court, there will be no question of improper conduct during separation so long as the jury then agrees to the sealed verdict. But, if a juror dissents when the verdict is returned, the sealed verdict ceases to have any validity. This is in accord with the great weight of authority.[4] Thus, in Klemmer v. Biersdorf, 137 Minn. 474, 163 N. W. 527, where the clerk received the sealed verdict and discharged the jury, this court held that the provisions of § 546.24 must be complied with even though the verdict was sealed. Clearly, appellant's contention that, in the absence of any impropriety, consent or agreement to allow a sealed verdict, in itself, is an agreement to accept a sealed verdict as final finds no support in this jurisdiction.

The issue of whether a sealed verdict precludes a poll of the jury was presented to this court in Steele v. Etheridge, 15 Minn. 413 (501). In holding that a poll of the jury after the verdict was

---

[4]See, Warner v. New York Cent. R. Co. 52 N. Y. 437, 11 Am. R. 724; Lehl v. Hull, 152 Or. 470, 53 P. (2d) 48, 54 P. (2d) 290; Kramer v. Kister, 187 Pa. 227, 40 A. 1008, 44 L. R. A. 432; Sanders v. Charleston Consol. Ry. & Lighting Co. 154 S. C. 220, 151 S. E. 438; Coughlin v. Weeks, 75 Wash. 568, 135 P. 649; State ex rel. Volkman v. Waltermath, 162 Wis. 602, 156 N. W. 946; Lawrence v. Stearns, 28 Mass. (11 Pick.) 501; 53 Am. Jur., Trial, § 1019; 64 C. J., Trial, § 866; Annotation, 49 A. L. R. 1301, 1302.

recorded was untimely and of no effect, this court said (15 Minn. 422 [511]):

"\* \* \* In a proper case for a sealed verdict, the rights of the parties to poll the jury are not affected by an agreement that the jury may seal their verdict; but where the verdict is recorded the right to poll the jury is gone."

This is a clear statement of the present law in this state and is in accord with the great weight of authority.[5] It follows that mere consent or agreement to allow a sealed verdict does not constitute a waiver of the right to poll the jury as provided by § 546.16.

Miller, Homer & Co. v. Mabon, 6 Iowa 456, cited by appellant, was decided under an Iowa statute which provided that if the parties consent to allow a sealed verdict it is the equivalent of a public recorded verdict and the jury shall not be polled or permitted to disagree with it.[6] Our holding does not extend to such express stipulations or waivers but only to an agreement to allow a sealed verdict without more.

■ The question of whether in the instant case the jury should have been sent out for further deliberation is not before us, but, having considered the question, we are of the opinion that notwithstanding the dictum to the contrary in Nininger v. Knox, 8 Minn. 110 at p. 120 (140 at p. 149), the better reasoning and the weight of authority is that *in the absence of unusual circumstances or improper conduct during separation* the jury should be sent out

[5] See, Warner v. New York Cent. R. Co. 52 N. Y. 437, 11 Am. R. 724; Lehl v. Hull, 152 Or. 470, 53 P. (2d) 48, 54 P. (2d) 290; Sanders v. Charleston Consol. Ry. & Lighting Co. 154 S. C. 220, 151 S. E. 438; Coughlin v. Weeks, 75 Wash. 568, 135 P. 649; State ex rel. Volkman v. Waltermath, 162 Wis. 602, 156 N. W. 946; Annotation, 49 A. L. R. 1301, 1302.

[6] The provisions of this statute have been incorporated in Rule 203(c) of the Iowa Rules of Civil Procedure, which provides:

"When, by consent of the parties and the Court, the jury has been permitted to seal its verdict and separates before it is rendered, such sealing is equivalent to a rendition and a recording thereof in open court, and such jury shall not be polled or permitted to disagree with respect thereto."

for further deliberation.[7] We adopt this rule although it must not be understood as relieving the jury of the duty of refraining from any discussion of the case outside of the jury room or from subjecting themselves to any ulterior influence before the verdict is finally received by the court.

Appellant's other contentions have been carefully considered and found to be without merit. For the foregoing reasons, the order granting plaintiff a new trial should be affirmed.

Affirmed.

---

[7]See, Jessup v. C. & N. W. Ry. Co. 82 Iowa 243, 48 N. W. 77; Warner v. New York Cent. R. Co. 52 N. Y. 437, 11 Am. R. 724; Lehl v. Hull, 152 Or. 470, 53 P. (2d) 48, 54 P. (2d) 290; Coughlin v. Weeks, 75 Wash. 568, 135 P. 649; State ex rel. Volkman v. Waltermath, 162 Wis. 602, 156 N. W. 946; 53 Am. Jur., Trial, § 1019; 64 C. J., Trial, § 868; Annotation, 164 A. L. R. 1265, 1276. Contra: Kramer v. Kister, 187 Pa. 227, 40 A. 1008, 44 L. R. A. 432.